Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EMPIRE COMMUNITY DEVELOPMENT, LLC,

                                          Plaintiff,

          -against-                                      CERTIFICATE OF
                                                         MERIT AFFIRMATION
EMERIO ABANTO; OSCAR A. PASACHE; MORTGAGE                PURSUANT TO
ELECTRONIC REGISTRATION SYSTEMS, INC., AS                CPLR 3012-B
NOMINEE FOR COUNTRYWIDE BANK, N.A.;
GLOBAL ACCEPTANCE CREDIT COMPANY LP,
                                          Defendant(s).
------------------------------------------------------------------------X

     Alan Weinreb Esq. pursuant to CPLR §2106 and under the penalties of perjury, affirms
as follows:

   1. I am an attorney at law duly licensed to practice in the state of New York and am
      affiliated with The Margolin & Weinreb Law Group, LLP, the attorneys of record for
      Plaintiff in the above-captioned mortgage foreclosure action.  As such, I am fully
      aware of the underlying action, as well as the proceedings had herein.

   2. On December 20, 2019, I communicated with the following representative or
      representatives of Plaintiff, who informed me that he (a) personally reviewed
      plaintiff's documents and records relating to this case for factual accuracy; and (b)
      confirmed the factual accuracy of the allegations set forth in the Complaint and any
      supporting affidavits or affirmations filed with the Court, as well as the accuracy of
      the notarizations contained in the supporting documents filed therewith.

      Name: Robert Paulus          Title: Member/Director of Borrower Management

   3. Based upon my communication with Robert Paulus, as well as upon my own
      inspection, review and other reasonable inquiry under the circumstances, including,
      but not limited to the review of the facts of the case as well as of the underlying note,
      mortgage and assignments, if any, modification(s), if any and extension and
      consolidations, if any, I affirm that, to the best of my knowledge, information, and
      belief, there is a reasonable basis for the commencement of the within foreclosure

action and that the Plaintiff is currently the creditor entitled to enforce the rights of said documents noted above.  A copy of the note, mortgage and assignments, if any, modification(s), if any and extension and consolidations, if any, are annexed hereto.

4.  I am aware of my obligations under New York Rules of Professional Conduct (22 NYCRR Part 1200) and 22 NYCRR Part 130.

Dated:  January 13, 2020
      Syosset, New York

/s/ Alan H. Weinreb
Alan H. Weinreb, Esq.



*461870088MTG1*

Control Number

Instrument Type
MTG



WESTCHESTER
(THIS I

008000544   ABANTO   E

610   134676798   D2 001 001

PAGE

THE FOLLOWING INSTRUMENT WAS ENDORSED FOR THE RECORD AS FOLLOWS:
TYPE OF INSTRUMENT: MTG - MORTGAGE
FEE PAGES:  9        TOTAL PAGES:  9

| RECORDING FEES | |
|---|---|
| STATUTORY CHARGE | $6.00 |
| RECORDING CHARGE | $27.00 |
| RECORD MGT. FUND | $19.00 |
| RP 5217 | $0.00 |
| TP-584 | $0.00 |
| CROSS REFERENCE | $0.00 |
| MISCELLANEOUS | $0.00 |
| **TOTAL FEES PAID** | **$52.00** |

| MORTGAGE TAXES | |
|---|---|
| MORTGAGE DATE | 4/25/2006 |
| MORTGAGE AMOUNT | $78,000.00 |
| EXEMPT | Yes |
| COUNTY TAX | $195.00 |
| YONKERS TAX | $0.00 |
| BASIC | $390.00 |
| ADDITIONAL | $204.00 |
| MTA | $195.00 |
| SPECIAL | $0.00 |
| **TOTAL PAID** | **$984.00** |

| TRANSFER TAXES | |
|---|---|
| CONSIDERATION | $0.00 |
| TAX PAID | $0.00 |
| TRANSFER TAX # | |

RECORDING DATE: 7/19/2006
TIME: 15:26:00

SERIAL NUMBER: CX19109
DWELLING: 1-2 Family

THE PROPERTY IS SITUATED  IN
WESTCHESTER COUNTY, NEW YORK IN THE:
TOWN OF NORTH CASTLE

WITNESS MY HAND AND OFFICIAL SEAL

TIMOTHY C. IDONI
WESTCHESTER COUNTY CLERK

Record & Return to:
ELECTRONIC LAND SERVICES INC
800 WESTCHESTER AVE
STE S434
RYEBROOK, NY 10573

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423   *ELS069277*

Prepared By:
PATRICK HANAN

Sec 5   North Castle
BIK/10   Westchester
Lot 3

SAID PREMISES IS OR WILL BE IMPROVED
WITH A ONE TO TWO FAMILY RESIDENCE
OR DWELLING ONLY.

Tax 984

---

[Space Above This Line For Recording Data]

[Doc ID #]

**THIS MORTGAGE IS A CREDIT LINE MORTGAGE AS DEFINED IN SECTION 281 OF THE NEW YORK REAL PROPERTY LAW. IT SECURES AN INDEBTEDNESS UNDER THE AGREEMENT WHICH REFLECTS THE FACT THAT THE PARTIES REASONABLY CONTEMPLATE ENTERING INTO A SERIES OF ADVANCES OR ADVANCES, PAYMENTS, AND READVANCES.**

## MORTGAGE
(Line of Credit)

MIN 1000157-0006647185-1

THIS MORTGAGE, dated APRIL 25, 2006      , is between

EMERIO ABANTO   *and Oscar A. Pasache*

residing at

35 HILLANDALE AVE, WHITE PLAINS, NY 10603

the person or persons signing as "Mortgagor(s)" below and hereinafter referred to as "we", "our", or "us" and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") a Delaware corporation, with an address of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. **FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE "MORTGAGEE" OF RECORD** and is acting solely as nominee for

AMERICA'S WHOLESALE LENDER

("Lender" or "you") and its successors and assigns.

MORTGAGED PREMISES: In consideration of the loan hereinafter described, we hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the premises located at:

35 HILLANDALE AVENUE, NORTH CASTLE

Street, Municipality

WESTCHESTER                    New York 10603-1719   (the "Premises").

County                                         ZIP

and further described as:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Section: _____ Block: _____ Lot: _____ Unit: _____

● MERS HELOC - NY Mortgage
2E020-NY (08/05)(d)                    Page 1 of 5                    Initials: *E.A.*





Prepared by: PATRICK HANAN

## AMERICA'S WHOLESALE LENDER

Branch #: 0000972
2 BATTERSON PARK ROAD
FARMINGTON, CT 06032
Phone: (800)508-6361
Br Fax No.: (877)284-7926

DATE:          04/25/2006
CASE #:
DOC ID #:
BORROWER: EMERIO ABANTO
PROPERTY ADDRESS: 35 HILLANDALE AVENUE
                 NORTH CASTLE, NY 10603-1719

### LEGAL DESCRIPTION EXHIBIT A



FHA/VA/CONV
Legal Description Exhibit A
2C404-XX (04/03)(d)

# ELECTRONIC LAND SERVICES, INC.

### Title No. ELS06-9277-W

### S C H E D U L E   A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Town of North Castle, County of Westchester and State of New York, known and designated as Lot No. 11 in Block E-13, on a certain map entitled "Map of Kensico Manor, Westchester County, N.Y.", surveyed and drawn by John F. Fairchild, C.E., dated July 12, 1892, and filed in the Office of the County Clerk, Division of Land Records, formerly Register's Office of Westchester County, New York, on August 24, 1900, as Map No. 1368, said lot being more particularly bounded and described as follows:

BEGINNING at a point on the southerly side of Hillandale Avenue at the division line between Lots 11 and 12 in Block E-13 on the aforesaid map;

THENCE RUNNING along said division line, South 9 degrees 03 minutes 00 seconds West 219.21 feet to a point;

THENCE RUNNING along the southerly line of the herein described premises, South 63 degrees 57 minutes 50 seconds East 32.68 feet and South 68 degrees 08 minutes 40 seconds East 44.86 feet to a point;

THENCE RUNNING along the easterly line of the herein described premises, North 9 degrees 03 minutes 00 seconds East 238.70 feet to the southerly side of Hillandale Avenue;

THENCE RUNNING along the same, North 80 degrees 57 minutes 00 seconds West 75.00 feet to the point and place of BEGINNING.

I nsure

**FOR ONVEYANCING ONLY**

The policy to be issued under this report will insure the title to such buildings and improvements erected on the premises which by law constitute real property.

TOGETHER with all the right, title and interest of the party of the first part, of, in and to the land lying in the street in front of and adjoining said premises.

DOC ID #:

Borrower's Statement Regarding the Premises [check box as applicable]
[x] This Security Instrument covers real property improved, or to be improved, by a one or two family dwelling only.
[ ] This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six residential dwelling units with each dwelling unit having its own separate cooking facilities.
[ ] This Security Instrument does not cover real property improved as described above.
In addition, the Premises includes all buildings and other improvements now or in the future on the Premises and all rights and interests which derive from our ownership, use or possession of the Premises and all appurtenances thereto.

WE UNDERSTAND and agree that MERS is a separate corporation acting solely as nominee for Lender and Lender's successors and assigns, and holds only legal title to the interests granted by us in this Mortgage, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

LOAN: This Mortgage will secure your loan to us in the principal amount of $ 78,000.00      or so much there of as may be advanced and readvanced from time to time to
EMERIO ABANTO

the Borrower(s) under the Home Equity Credit Line Agreement and Disclosure Statement (the "Note") dated
APRIL 25, 2006        , plus interest and costs, late charges and all other charges related to the loan, all of which sums are repayable according to the Note. This Mortgage will also secure the performance of all of the promises and agreements made by us and each Borrower and Co-Signer in the Note, all of our promises and agreements in this Mortgage, any extensions, renewals, amendments, supplements and other modifications of the Note, and any amounts advanced by you under the terms of the section of this Mortgage entitled "Our Authority To You." Loans under the Note may be made, repaid and remade from time to time in accordance with the terms of the Note and subject to the Credit Limit set forth in the Note. The Loans secured by this Mortgage have a variable interest rate feature, and the annual percentage rate (corresponding to the periodic rate) and the minimum monthly payment may increase or decrease as a result.

OWNERSHIP: We are the sole owner(s) of the Premises. We have the legal right to mortgage the Premises to you.

OUR IMPORTANT OBLIGATIONS:

(a) TAXES: We will pay all real estate taxes, assessments, water charges and sewer rents relating to the Premises when they become due. We will not claim any credit on, or make deduction from, the loan under the Note because we pay these taxes and charges. We will provide you with proof of payment upon request.

(b) MAINTENANCE: We will maintain the building(s) on the Premises in good condition. We will not make major changes in the building(s) except for normal repairs. We will not tear down any of the building(s) on the Premises without first getting your consent. We will not use the Premises illegally. If this Mortgage is on a unit in a condominium or a planned unit development, we shall perform all of our obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development and constituent documents.

(c) INSURANCE: We will keep the building(s) on the Premises insured at all times against loss by fire, flood and any other hazards you may specify. We may choose the insurance company, but our choice is subject to your reasonable approval. The policies must be for at least the amounts and the time periods that you specify. We will deliver to you upon your request the policies or other proof of the insurance. The policies must name you as "mortgagee" and "loss-payee" so that you will receive payment on all insurance claims, to the extent of your interest under this Mortgage, before we do. The insurance policies must also provide that you be given not less than 10 days prior written notice of any cancellation or reduction in coverage, for any reason. Upon request, we shall deliver the policies, certificates or other evidence of insurance to you. In the event of loss or damage to the Premises, we will immediately notify you in writing and file a proof of loss with the insurer. You may file a proof of loss on our behalf if we fail or refuse to do so. You may also sign our name to any check, draft or other order for the payment of insurance proceeds in the event of loss or damage to the Premises. If you receive payment of a claim, you will have the right to choose to use the money either to repair the Premises or to reduce the amount owing on the Note.

DOC ID #: . . .

(d) CONDEMNATION: We assign to you the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Premises, or part thereof, or for conveyance in lieu of condemnation, all of which shall be paid to you, subject to the terms of any Prior Mortgage.

(e) SECURITY INTEREST: We will join with you in signing and filing documents and, at our expense, in doing whatever you believe is necessary to perfect and continue the perfection of your lien and security interest in the Premises. It is agreed that the Lender shall be subrogated to the claims and liens of all parties whose claims or liens are discharged or paid with the proceeds of the Note secured hereby.

(f) OUR AUTHORITY TO YOU: If we fail to perform our obligations under this Mortgage, you may, if you choose, perform our obligations and pay such costs and expenses. You will add the amounts you advance to the sums owing on the Note, on which you will charge interest at the interest rate set forth in the Note. If, for example, we fail to honor our promises to maintain insurance in effect, or to pay filing fees, taxes or the costs necessary to keep the Premises in good condition and repair or to perform any of our other agreements with you, you may, if you choose, advance any sums to satisfy any of our agreements with you and charge us interest on such advances at the interest rate set forth in the Note. This Mortgage secures all such advances. Your payments on our behalf will not cure our failure to perform our promises in this Mortgage. Any replacement insurance that you obtain to cover loss or damages to the Premises may be limited to the amount owing on the Note plus the amount of any Prior Mortgages.

(g) PRIOR MORTGAGE: If the provisions of this paragraph are completed, this Mortgage is subject and subordinate to a prior mortgage dated 04/25/2006 and given by us to
COUNTRYWIDE HOME LOANS, INC.
as mortgagee, in the original amount of $ 624,000.00 (the "Prior Mortgage"). We shall not increase, amend or modify the Prior Mortgage without your prior written consent and shall upon receipt of any written notice from the holder of the Prior Mortgage promptly deliver a copy of such notice to you. We shall pay and perform all of our obligations under the Prior Mortgage as and when required under the Prior Mortgage.

(h) HAZARDOUS SUBSTANCES: We shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Premises. We shall not do, nor allow anyone else to do, anything affecting the Premises that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Premises of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Premises. As used in this paragraph, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "Environmental Law" means federal laws and laws of the jurisdiction where the Premises are located that relate to health, safety or "Environmental Law" means federal laws and laws of the jurisdiction where the Premises are located that relate to health, safety or environmental protection.

(i) SALE OF PREMISES: We will not sell, transfer ownership of, mortgage or otherwise dispose of our interest in the Premises, in whole or in part, or permit any other lien or claim against the Premises without your prior written consent.

(j) INSPECTION: We will permit you to inspect the Premises at any reasonable time.

(k) NEW YORK LIEN LAW: We will, in compliance with Section 13 of the New York Lien Law, make sure that the loans secured by this Mortgage are received as a Trust Fund to be applied first for the purpose of paying the cost of any improvements to the Premises and will apply the same first to the payment of the cost of the improvements before using any part of the total of the same for any other purpose.

NO LOSS OF RIGHTS: The Note and this Mortgage may be negotiated or assigned by you without releasing us or the Premises. You may add or release any person or property obligated under the Note and this Mortgage without losing your rights in the Premises.

DEFAULT: Except as may be prohibited by applicable law, and subject to any advance notice and cure period if required by applicable law, if any event or condition of default as described in the Note occurs, you may foreclose upon this Mortgage. This means that you may arrange for the Premises to be sold, as provided by law, in order to pay off what we owe on the Note and under this Mortgage. If the money you receive from the sale is not enough to pay off what we owe you, we will still owe you the difference which you may seek to collect from us in accordance with applicable law. In addition, you may, in accordance with applicable law,

DOC ID #:

(i) enter on and take possession of the Premises; (ii) collect the rental payments, including over-due rental payments, directly from tenants; (iii) manage the Premises; and (iv) sign, cancel and change leases. We agree that the interest rate set forth in the Note will continue before and after a default, entry of a judgment and foreclosure. In addition, you shall be entitled to collect all reasonable fees and costs actually incurred by you in proceeding to foreclosure, including, but not limited to, reasonable attorneys fees and costs of documentary evidence, abstracts and title reports.

ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER: As additional security, we assign to you the rents of the Premises. You or a receiver appointed by the courts shall be entitled to enter upon, take possession of and manage the Premises and collect the rents of the Premises including those past due.

WAIVERS: To the extent permitted by applicable law, we waive and release any error or defects in proceedings to enforce this Mortgage and hereby waive the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale and homestead exemption.

BINDING EFFECT: Each of us shall be fully responsible for all of the promises and agreements in this Mortgage. Until the Note has been paid in full and your obligation to make further advances under the Note has been terminated, the provisions of this Mortgage will be binding on us, our legal representatives, our heirs and all future owners of the Premises. This Mortgage is for your benefit and for the benefit of anyone to whom you may assign it. Upon payment in full of all amounts owing to you under the Note and this Mortgage, and provided any obligation to make further advances under the Note has terminated, this Mortgage and your rights in the Premises shall end.

NOTICE: Except for any notice required under applicable law to be given in another manner, (a) any notice to us provided for in this Mortgage shall be given by delivering it or by mailing such notice by regular first class mail addressed to us at the last address appearing in your records or at such other address as we may designate by notice to you as provided herein, and (b) any notice to you shall be given by certified mail, return receipt requested, to your address at
For MERS:
P.O. Box 2026, Flint, MI 48051-2026
For Lender:
4500 Park Granada, Calabasas, CA 91302-1613
or to such other address as you may designate by notice to us. Any notice provided for in this Mortgage shall be deemed to have been given to us or you when given in the manner designated herein.

RELEASE: Upon payment of all sums secured by this Mortgage and provided your obligation to make further advances under the Note has terminated, you shall discharge this Mortgage without charge to us, except that we shall pay any fees for recording of a satisfaction of this Mortgage.

GENERAL: You can waive or delay enforcing any of your rights under this Mortgage without losing them. Any waiver by you of any provisions of this Mortgage will not be a waiver of that or any other provision on any other occasion.

THIS MORTGAGE has been signed by each of us under seal on the date first above written.

WITNESS:


_____


_____

_____ (SEAL)
Mortgager: EMERIO ABANTO

_____ (SEAL)
Mortgagor: OSCAR A. PASACHE

_____ (SEAL)
Mortgagor:

_____ (SEAL)
Mortgagor:

DOC ID #.

**STATE OF NEW YORK** )
)ss.
County of Westchester )

On the 25ᵗʰ day of April in the year 2006 before me, the undersigned,

a notary public in and for said state, personally appeared Emerito Abaunto and
+ Oscar A. Pasache

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that they executed the same in they capacity(ies), and that by their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

My Commission Expires:

Notary Public

Tax Map Information: NA

STEPHEN VINCINI
Notary Public, State of New York
No. 01V16003625
Qualified in Westchester County
Commission Expires March 9, 200_

● MERS HELOC - NY Mortgage
2E020-NY (08/05)                    Page 5 of 5          Initials: EA

Prepared by: PATRICK HANAN

**AMERICA'S WHOLESALE LENDER**

DATE:        04/21/2006
BORROWER: EMERIO ABANTO
CASE #:
LOAN #:
PROPERTY ADDRESS: 35 HILLANDALE AVENUE
                NORTH CASTLE, NY 10603-1719

Branch #: 0000972
2 BATTERSON PARK ROAD
FARMINGTON, CT 06032
Phone: (800)508-6361
Br Fax No.: (877)284-7926

## HOME EQUITY CREDIT LINE AGREEMENT AND
## DISCLOSURE STATEMENT

Date: 04/25/2006

    This Home Equity Credit Line Agreement and Disclosure Statement ("Agreement") governs my Home Equity Credit Line Account ("Account") with you,
AMERICA'S WHOLESALE LENDER
The words "I," "me" and "my" refer to the Borrower signing this Agreement. If more than one Borrower signs this Agreement, the words "I," "me" and "my" refer to all who sign, separately and together. The words "you" and "your" refer to
AMERICA'S WHOLESALE LENDER

**1. LOANS: DRAW AND REPAYMENT PERIOD.** Subject to the limitations explained in this Agreement, upon my request for loans, you agree to lend money to me from time to time until the last day of the sixtieth (60th) consecutive calendar month following the date set forth above ("Initial Draw Period,") or until the last day of any renewed Draw Period, up to my Credit Limit indicated in paragraph 4 below. (You will not make any loans if my Account is sooner terminated or suspended under paragraphs 11.B, 11.D, 12.B or 15.A below.) You will not make any loan before the fourth business day following the signing of this Agreement.

    I agree that prior to the end of the Initial Draw Period, you have the right to review my Account to decide whether such Initial Draw Period will be renewed. Unless you have sent me written notice not later than the sixtieth (60th) day before the Initial Draw Period ends that you have decided not to renew such Initial Draw Period, such Initial Draw Period will automatically renew for one additional sixty (60) month period, and the Draw Period on my Account shall thereafter be considered to be 120 months for purposes of this Agreement. If the Initial Draw Period is not renewed, then the Draw Period on my Account shall thereafter be considered to be 60 months for purposes of this Agreement.

    After the Draw Period ends, I will no longer be able to obtain loans and then must pay the outstanding balance over the specified Repayment Period unless my Account is sooner terminated under paragraph 12.B below, in which case my Account is due and payable in full at the time of such termination. The Repayment Period shall be 180 months.

**2. MAKING LOANS.** You will make loans under this Agreement by (i) honoring Equity Credit Line Checks you provide to me requesting advances of at least $250; (ii) paying closing costs and finance charges in accordance with paragraph 7.C below; (iii) paying certain other amounts on my behalf in accordance with my disbursement authorization provided to you at or before the time I sign this Agreement; (iv) paying any unpaid taxes, assessments, property insurance or other sums as provided under this Agreement or the Mortgage; or (v) any other method or procedure you establish.

**3. PROMISE TO PAY; MINIMUM PAYMENT; METHOD OF PAYMENT.**

    A. I promise to pay to your order, when and as due, all loans made under this Agreement, plus all unpaid finance charges, insurance premiums, collection costs and other charges I owe to you now or in the future. I agree to make my payments in the manner specified in my periodic statement, and if I do so such payments will be credited as of the day of receipt.

    B. At a minimum, you will send me a periodic statement monthly. The periodic statement will show all Account activity during the billing cycle and contain other important information, including my "New Balance," my Annual Percentage Rate, the amount of my "Minimum Payment Due," my "Payment Due Date" and the place and manner of making payments.

    C. I may pay all or any part of my "New Balance" at any time, without penalty. If I pay my entire "New Balance" shown on my periodic statement for any billing cycle by the "Payment Due Date," any periodic finance charge incurred from the first day of the next billing cycle until the posting of my payment will appear on my periodic statement for the next billing cycle.

● HELOC - NY Agreement & Disclosure
2C503-NY (09/04)(d)

Page 1 of 8

Initials: _E A_



LOAN #.

D. Unless you terminate my Account and require immediate payment of the entire outstanding balance as provided in paragraph 12.B below, I must pay you at least the "Minimum Payment Due" for each billing cycle by the "Payment Due Date" shown on my periodic statement.

E. During the Draw Period, my "Minimum Payment Due" equals all unpaid finance charges, credit life insurance premiums and other charges imposed during the billing cycle together with any "Amount Past Due." My "Minimum Payment Due" during the Draw Period will not reduce the principal balance that is outstanding on my account.

F. During the Repayment Period, if the Draw Period on my Account is 60 months or 120 months, my "Minimum Payment Due" equals 1/180th of the outstanding principal balance of my Account as of the last day of the Draw Period plus all unpaid finance charges, credit life insurance premiums and other charges imposed during the billing cycle together with any "Amount Past Due." If the Draw Period on my Account is 36 months, my "Minimum Payment Due" during the Repayment Period equals 1/120th of the outstanding principal balance of my Account as of the last day of the Draw Period plus all unpaid finance charges, credit life insurance premiums and other charges imposed during the billing cycle together with any "Amount Past Due."

**4. CREDIT LIMIT.** My Credit Limit under this Agreement is $ 78,000.00 . I promise not to request a loan which will cause the unpaid principal balance of my Account to exceed my Credit Limit. You can increase the Credit Limit at any time without prior notice to me. You can refuse to make loans that cause my obligations under this Agreement to exceed my Credit Limit. You will make loans on my Account based on the "Available Credit Limit" shown on my most recent periodic statement. However, I agree that when I make payments on my Account by check or other non-cash method, you reserve the right to make loans based on the "Available Credit Limit" shown on the last periodic statement issued prior to the most recent periodic statement. In addition to each "Minimum Payment Due," I must pay immediately, without notice or demand from you, any part of the principal balance of my Account that exceeds my Credit Limit.

**5. ANNUAL PERCENTAGE RATE.**

    ☐ A. The initial Daily Periodic Rate is   N/A %. The initial **ANNUAL PERCENTAGE RATE** is   N/A %. These rates are "discounted" rates. This means that these rates are lower than the rates that would be in effect if the formula set forth in paragraph 5.C below had been used, in which event the initial Daily Periodic Rate would be N/A % and the initial **ANNUAL PERCENTAGE RATE** would be   N/A %. These discounted rates will be in effect from the date of this Agreement until N/A . Thereafter, the Daily Periodic Rate and the Annual Percentage Rate will be determined using the formula set forth in paragraph 5.C below.

    ☒ B. The initial Daily Periodic Rate is 0.02945 % and the initial **ANNUAL PERCENTAGE RATE** is 10.750 %. These rates are not discounted.

C. My Annual Percentage Rate and Daily Periodic Rate may increase or decrease (beginning with the first day of the first billing cycle after my "discounted" rate has expired, if applicable) according to the following procedure: The **ANNUAL PERCENTAGE RATE** shall be the "Index" plus a "Margin," and may be rounded to the nearest fraction of a percent. The "Index" will be the highest Prime Rate as published in the "Money Rates" table of The Wall Street Journal as of the first business day of the calendar month. The "Margin" is equal to the number of percentage points disclosed in paragraph 5.D below. Each billing cycle will end on the last day of the calendar month. Any new Index value shall be effective as of the first day of the billing cycle in which such new Index value is established.

Upon a change in the Index, any resulting change in my Daily Periodic Rate and Annual Percentage Rate will take effect without prior notice to me, and will apply to new loans and to the outstanding principal balance in my Account. The new Annual Percentage Rate and Daily Periodic Rate will apply to my then existing unpaid principal balance and all new loans I obtain until my Annual Percentage Rate and Daily Periodic Rate change again. The Daily Periodic Rate at any time equals the **ANNUAL PERCENTAGE RATE** divided by 365.

D. The "Margin" to be used under paragraph 5.C above to determine my **ANNUAL PERCENTAGE RATE** is 3.000 percentage points.

E. The Annual Percentage Rate is a simple interest rate. The Annual Percentage Rate includes only interest and not other costs. The **ANNUAL PERCENTAGE RATE** will never increase above 18.000 % or the maximum rate permitted by law, whichever is less.

F. If the Daily Periodic Rate (and the corresponding Annual Percentage Rate) increases, I will have to pay additional periodic finance charges and, as a result, I will have to pay larger "Minimum Payments."

LOAN #:

**6. FINANCE CHARGE.** I agree to pay a finance charge on my Account as explained below.

A. Periodic **FINANCE CHARGE.**

(1) A loan represented by an Equity Credit Line Check will be posted to my Account on the date that such a check is presented to you for payment. The periodic finance charge begins to accrue on my Account from the time a loan is posted to my Account. You compute the periodic finance charge on my Account by applying the Daily Periodic Rate to the "Average Daily Balance" in my Account (including current transactions). To determine the periodic finance charge for any billing cycle, the "Average Daily Balance" is multiplied by the Daily Periodic Rate, then this product is multiplied by the number of days in the billing cycle.

(2) To get the "Average Daily Balance," you take the beginning principal balance of my Account each day, add any new loans and subtract any principal payments or credits. This gives you the Daily Balance. Then you add up all the Daily Balances for the billing cycle and divide by the total number of days in the billing cycle. This gives you the "Average Daily Balance."

B. Other **FINANCE CHARGE.**

(1) Origination Fee **FINANCE CHARGE.**

I agree to pay an Origination Fee **FINANCE CHARGE** of $ 0.00                    at the time I sign this Agreement.

_____                    $ _____
_____                    $ _____
_____                    $ _____
_____                    $ _____
_____                    $ _____

(2) Broker Fee **FINANCE CHARGES.**

I agree to pay Broker Fee **FINANCE CHARGES** of $ 0.00                    at the time I sign this Agreement.

_____                    $ _____
_____                    $ _____
_____                    $ _____
_____                    $ _____
_____                    $ _____

(3) Annual Maintenance Fee **FINANCE CHARGE.**

[X] I agree to pay an annual maintenance fee **FINANCE CHARGE** of $ 75.00          which you will charge to my Account on the first anniversary of this Agreement and every anniversary date thereafter, whether or not I have used or continue to use my Account; except that such fee shall be waived for the entire term of this Agreement if I meet both of the following conditions: (a) I maintain an average outstanding daily balance which does not fall below $20,000.00          from the date of this Agreement through the first anniversary of this Agreement; and (b) I make each monthly payment during that period on or before the due date for each such payment. You will not rebate any portion of the annual fee if my Account is terminated or suspended before the end of any annual period.

[ ] I will not be charged an annual maintenance fee **FINANCE CHARGE** on this loan.

**7. OTHER CHARGES.**

A. I agree to pay each of the charges listed below, which shall constitute additional indebtedness under this agreement. Any charges assessed will be shown on my periodic statement for the billing cycle in which such charge is assessed:

(1) If I fail to make my "Minimum Payment Due" within fifteen (15) days of the "Payment Due Date," I agree to pay a late fee of 2% of the late payment.

(2) I agree to pay a Return Item Fee of $15 for each check you receive in payment of my Account which is returned unpaid upon second presentment.

LOAN #:

B. I agree to pay you or my broker the following closing costs at or before the time I sign this Agreement:

| | | |
|---|---|---|
| Title Insurance | $ | 554.00 |
| Recording | $ | 250.00 |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| LESS Amounts Paid by Lender | $ | 0.00 |
| Total Paid by Borrower | $ | 1,134.00 |

\* The cost of title insurance and mortgage recording tax is based on the maximum Credit Limit available to me as a borrower, whether advanced or not.

C. I may elect to pay the closing costs described in paragraph 7.B above and the finance charges described in paragraph 6.B above in cash or by check at or before the time I sign this Agreement or I may elect to finance some or all of such costs and finance charges by allowing you to make a loan under my Account to pay some or all of such costs and finance charges.

**8. REAL PROPERTY SECURITY.** To secure the payment of all loans I obtain and the performance of all promises I make in this Agreement, I and all co-owners are giving you a Mortgage (the "Mortgage") covering my dwelling located at

35 HILLANDALE AVENUE, NORTH CASTLE, NY 10603-1719

(the "Real Property"). The Mortgage is security for my current and future obligations under this Agreement. I will continue to be obligated to make payment to you under this Agreement even if the Real Property is damaged or destroyed and whether or not any insurance proceeds are available. DEFAULT IN THE PAYMENT OF ANY LOANS MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOANS. UNDER FEDERAL LAW, I MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF I HAVE THIS RIGHT, YOU ARE REQUIRED TO PROVIDE ME WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH I CAN EXERCISE THIS RIGHT.

**9. SECTION INTENTIONALLY OMITTED.**

**10. PROPERTY INSURANCE.** I agree to obtain and maintain property insurance against loss or damage to the Real Property, in such amounts, against such risks (including, but not limited to, flood damage insurance required by law), and according to such terms as you may require in the Mortgage or otherwise. I may obtain property insurance from any company of my choice that is acceptable to you. If the amount of the premiums for property insurance increases at any time during the term of my Account, I agree to pay any such increase(s).

**11. YOUR RIGHTS TO TEMPORARILY SUSPEND MY LOANS OR REDUCE MY CREDIT LIMIT.**

A. You may take the actions listed in paragraph 11.B below during the period that any of the following events or conditions occur:

(1)   the value of the Real Property declines significantly below its appraised value for the purposes of my Account;

(2)   you reasonably believe that I will not be able to meet the repayment requirements under my Account due to a material change in my financial circumstances, such as the filing of a bankruptcy petition by or against me;

(3)   I am in default of any material obligation of this Agreement, such as my important obligations listed in paragraph 13 below;

(4)   government action (such as enactment of a state usury law) prevents you from imposing the Annual Percentage Rate provided for in this Agreement;

(5)   government action (such as imposition of a tax lien) impairs the priority of the lien of the Mortgage such that the value of the lien of the Mortgage is less than 120% of my Credit Limit;

LOAN #: 1

(6)    the maximum Annual Percentage Rate set forth in paragraph 5.E above is reached.

(7)    the creditor is notified by its regulatory agency that continued advances constitute an unsafe and unsound practice.

B. During the period in which a condition described in paragraph 11.A above occurs, you may refuse to make any additional loans or reduce my Credit Limit or do both. You will mail or deliver written notice to me after you suspend my Account or reduce my Credit Limit and this notice will describe the specific reasons for your action. You are obligated to reinstate my credit privileges when the condition(s) which caused the suspension or reduction have been cured or have changed, provided I have notified you in writing, explaining in detail and documenting how the condition(s) have been cured or have changed and no new condition(s) under paragraph 11.A above or 12.A below have occurred.

C. Before reinstating my right to obtain loans, or restoring my Credit Limit, you may conduct such searches, verifications and evaluations (such as credit reports, appraisals and lien searches) as you deem appropriate, and you may require me to reimburse you on demand for any costs you actually incur for obtaining credit reports and appraisals. You may take these steps to verify that (i) the condition(s) that caused your suspension of my loans or reduction of my Credit Limit no longer exist, and (ii) the priority of the lien of the Mortgage is not impaired.

D. If more than one Borrower signs this Agreement and any such Borrower requests that you cease making loans, you may comply with such a request. All Borrowers who have signed this Agreement must join in any request to reinstate the loans for such request to be effective. If all such persons subsequently request reinstatement of the loans, you must honor such a request unless a condition listed in paragraph 11.A above or 12.A below has occurred.

E. If an event or condition described in paragraph 11.A above occurs which is also an event or condition described in paragraph 12.A below, your rights and remedies described under paragraph 12.B below apply and supersede your rights described in this paragraph 11.

**12. YOUR RIGHTS TO TERMINATE AND ACCELERATE MY ACCOUNT AND TAKE OTHER ACTION.**

A. You may take the actions listed in paragraph 12.B below if any of the following events or conditions occur:

(1)    I fail to meet the repayment terms of this Agreement, such as my failure to make any Minimum Payment Due to you on or before the Payment Due Date;

(2)    I engage at any time in fraud or material misrepresentation in connection with my Account, whether in any application, in this Agreement or in the Mortgage;

(3)    I sell or transfer title to the Real Property without first obtaining your written permission;

(4)    I fail to maintain insurance on the Real Property as required under this Agreement or the Mortgage;

(5)    I act or fail to act and as a result a lien senior to the lien of the Mortgage is filed against the Real Property;

(6)    I die and I am not survived by another person obligated as a Borrower under this Agreement;

(7)    All or part of the Real Property is taken through eminent domain, condemnation or similar government taking;

(8)    A prior lienholder on the Real Property begins foreclosure under its security document;

(9)    The Real Property is used for an illegal purpose which could subject the Real Property to seizure;

(10)    I fail to pay taxes on the Real Property; or

(11)    My action or inaction adversely affects the Real Property or your rights in the Real Property. Such action or inaction could include, for example, the following:

(a)    A judgment is filed against me;

(b)    I commit waste or otherwise destructively use or fail to maintain the Real Property;



LOAN #:

   (c)   I die and I am survived by another person obligated as a Borrower under this Agreement; or

   (d)   I move out of the Real Property.

B. If an event described in paragraph 12.A above occurs, subject to any notice or other limitation of applicable law, you may do any combination of the following things:

   (1)   you may terminate any of my rights under my Account;

   (2)   you may temporarily or permanently refuse to make any additional loans;

   (3)   you may declare all sums owing under this Agreement and any other agreement I have made with you to be immediately due and payable;

   (4)   you may foreclose the Mortgage;

   (5)   you may reduce my Credit Limit; and

   (6)   you may take any other action permitted by this Agreement, by law or in equity.

**13. MY IMPORTANT OBLIGATIONS.** I agree that:

A.   I will pay all of my existing and future debts to you under any existing or future agreement with you and I will pay all of my existing and future debts to my other creditors as they become due and will not allow a creditor to obtain a judgment against me.

B.   I will not permit any person or entity to levy upon, attach, garnish or otherwise take any money, account or other property in your possession that belongs to me.

C.   From time to time, if requested, I will supply you with current financial information about me.

D.   I have not made and will not make any misrepresentation in connection with my Account whether in my application, in this Agreement, or in the Mortgage.

E.   I will not permit a receiver, sequestrator, liquidator, trustee, guardian, conservator or other judicial representative to be appointed for me or any of my property or for the Real Property.

F.   I will not use or allow use of the Real Property for any illegal purpose.

G.   I will not move out of the Real Property.

H.   I will not permit a lien to be filed which takes priority over the Mortgage for future advances made under this Agreement.

I.   I will not break any promise made in this Agreement or in the Mortgage such as:

   (1)   my promise not to exceed my Credit Limit; and

   (2)   my "Important Obligations" listed in the Mortgage.

J.   Before you renew a Draw Period or increase my Credit Limit on my Account, I may need to execute additional documents in order to secure the payment of any loans advanced during any renewed Draw Period or under the increased Credit Limit.

**14. COSTS OF COLLECTION.** Subject to any limits of applicable law, I must pay for your reasonable and actual costs of collection, or foreclosure such as your court costs and reasonable attorney's or trustee's fees. Periodic finance charges will continue to accrue at the rates provided in this Agreement before and after I default and before and after you obtain a judgment against me.

**15. MY RIGHTS TO TERMINATE MY RIGHTS TO OBTAIN LOANS.**

A. <u>Termination by Me.</u> I may terminate my right to obtain loans by sending you a written notice which will become effective upon receipt by you. If more than one person signs this Agreement as Borrower, my right to obtain loans may be terminated by written notice pursuant to this paragraph 15.A signed by any one or more of such persons. I may also suspend my right to obtain loans pursuant to paragraph 11.D above.



LOAN #:

B. <u>Termination by You</u>. My right to future advances under my Account will terminate at the end of the Draw Period or any renewed Draw Period if not sooner upon your exercise of your termination or suspension rights under paragraphs 11.B or 12.B above or my exercise of my suspension or termination rights under paragraphs 11.D or 15.A above.

C. <u>Effect of Termination</u>. Upon termination or suspension of my Account, whether by you or by me, I must continue to pay the "Minimum Payment Due" on or before my "Payment Due Dates" until all amounts owed to you under this Agreement are paid in full. However, I may be required to repay all my obligations to you immediately if you exercise your rights under paragraph 12.B above. I must return unused Equity Credit Line Checks to you upon termination.

## 16. CHANGES TO AGREEMENT.

A. You may change this Agreement to the extent not prohibited by federal or state law, such as the changes listed as follows:

    (1)  if the original Index is no longer available, you may change the Index and Margin;

    (2)  you may make any change I agree to in writing;

    (3)  you may make a change which is unequivocally beneficial to me, such as offering me more minimum payment options, extensions or renewals of my Account, reductions in the rate or fees, and additional means to access loans; and

    (4)  you may make insignificant changes, such as changing the address to which payments must be sent, name changes, operational changes involving the billing cycle date, the date the Minimum Payment is due, the day of the month on which Index values are measured to determine my rate, your rounding rules and the balance computation method.

B. If required by applicable law, you will mail me notice of such a change before the effective date of the change. The change will be effective as to any existing unpaid balance and as to any future transactions under this Agreement.

## 17. OTHER PROVISIONS.

A. <u>Third Parties</u>. This Agreement obligates me and my estate, heirs and personal representatives. This Agreement benefits you and your successors and assigns. You may add or release parties, or permit the addition or substitution of real property collateral that secures this Agreement, or modify, extend or amend this Agreement without in any way affecting my or any non-borrower co-owner's obligations under this Agreement. My rights under this Agreement belong only to me, I cannot transfer or assign them to anyone else. You may transfer and assign your rights and obligations under this Agreement and the Mortgage at any time without my consent.

B. <u>Additional Credit Reports and Appraisals</u>. I authorize you to conduct such searches, verifications and evaluations (such as credit reports, appraisals and lien searches) concerning me, the Real Property and the Mortgage as you may deem necessary from time to time. I will cooperate in having the Real Property reappraised.

C. <u>Tax Deductibility</u>. I know that I should consult a tax adviser regarding the deductibility of interest and charges.

D. <u>Applicable Law</u>. I agree that this Agreement is to be governed by federal law and, to the extent not preempted by federal law, by the laws of the state where the Real Property is located.

E. <u>Application of Payments</u>. You may apply payments and proceeds of the Real Property in such order as you shall deem advisable or as otherwise required by applicable law.

F. <u>Failure to Perform</u>. If I violate or fail to perform any term or condition of this Agreement (or the Mortgage), you may (but are under no obligation to) perform on my behalf. All costs you incur will be added to the unpaid principal of my Account and finance charges will be figured at the rates described above. I agree to pay these costs and finance charges on demand. Your performance of any of my obligations will not be a waiver of any of your rights or remedies under this Agreement.

G. <u>Waiver of Jury Trial</u>. I waive my right to a jury trial.

LOAN #:

H. Complete Understanding of the Parties. There are no oral agreements concerning this Agreement. This Agreement will not be amended or modified orally. If any provision of this Agreement is held to be void or unenforceable, the rest of this Agreement shall remain in effect.

I. Waiver of Notice. I waive presentment, demand, protest, notice of default, nonpayment, partial payments and all other notices and formalities in connection with the delivery, acceptance, performance, default or enforcement of this Agreement, except those notices that are required by federal Regulation Z.

J. Meaning of Words. All words in this Agreement will be read to be of such gender and number as the context may require. The section headings in this Agreement are for convenience and do not limit or amend any of the Agreement's provisions. Any list of conditions or events in this Agreement preceded by the phrase "such as" is not intended as a full or comprehensive list, but merely as a set of examples of such conditions or events. Other conditions or events are intended to be included to the fullest extent permitted under federal and state law, even if different from the listed conditions or events.

K. Payment Marked "Payment in Full". I agree not to submit any checks to you in payment of my Account marked "Payment in Full" or similar wording unless the amount of the check is equal to the total amount then owing on my Account. If I do submit a check to you marked "Payment in Full" or similar wording for a sum less than the total amount then owing on my Account, you may accept it in partial payment of my Account but will not be bound by the "Payment in Full" or similar notation. **Communications concerning a dispute as to amounts owing on my Account, including any checks submitted to you as full satisfaction of my Account, must be sent to**
AMERICA'S WHOLESALE LENDER
P.O. Box 5170, Simi Valley, CA 93062-5170

L. Enforcement. You can accept any late or partial payment or otherwise waive or delay enforcing your rights under this Agreement and still exercise your rights at a later time.

M. Notices. Except for any notice required under applicable law to be given in another manner, (a) any notice to me provided for in this Agreement shall be given by delivering it or by mailing such notice to me by regular first class mail, addressed to me at my last address appearing on your records or at such other address as I may designate by written notice to you as provided in this paragraph 17.M and (b) any notice to you provided for in this Agreement shall be given by mailing such notice to you by certified mail, return receipt requested, at
AMERICA'S WHOLESALE LENDER
P.O. Box 5170, Simi Valley, CA 93062-5170
or to such other address as you may designate by written notice to me as provided in this paragraph 17.M.

N. Riders/Addenda. The covenants and agreements of each of the riders/addenda checked below are incorporated into and supplement and amend the terms of this Agreement.

| | | |
|---|---|---|
| ☐ No Cost Addendum | ☐ | _____ Rider |
| ☒ Fee _____ Addendum | ☐ | _____ |
| ☒ Billing Rights Statement | | |

BY SIGNING BELOW, (1) I AGREE THAT I HAVE READ ALL PAGES OF THIS AGREEMENT INCLUDING ANY RIDERS/ADDENDA, (2) I AGREE AND INTEND TO BE LEGALLY BOUND BY ALL OF ITS TERMS AND CONDITIONS, INCLUDING ANY TERMS AND CONDITIONS LISTED IN ANY RIDERS/ADDENDA, AND (3) I ALSO ACKNOWLEDGE RECEIVING A COMPLETED COPY OF THIS AGREEMENT AND ANY RIDERS/ADDENDA. I ALSO ACKNOWLEDGE THAT I RECEIVED A COPY OF YOUR HOME EQUITY EARLY DISCLOSURE ENTITLED, "IMPORTANT TERMS OF OUR HOME EQUITY LINE OF CREDIT", THE HOME EQUITY BROCHURE ENTITLED, "WHEN YOUR HOME IS ON THE LINE" AND TWO COPIES OF THE HOME EQUITY LINE OF CREDIT NOTICE OF RIGHT TO CANCEL.

_Emerio Abanto_ _____ _04/25/08_

Borrower: EMERIO ABANTO                                        Date

Borrower: _____ Date

Borrower: _____ Date

Borrower: _____ Date

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC., A NEW YORK CORPORATION
DOING BUSINESS AS AMERICA'S WHOLESALE LENDER

_Michele Sjolander_

BY: _____
MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT

# NOTE ALLONGE

**Statement of Purpose:** This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsements to evidence transfer of interest.

**Loan Number:**

**Loan Date:  4/25/2006     Original Loan Amount: $   78,000.00**

**Originator:  AMERICA'S WHOLESALE LENDER**
**Original Mortgagor:  EMERIO ABANTO**
**Property Address: 35 HILLANDALE AVENUE, NORTH CASTLE, NY 10603**

Pay to The Order of
PARTNERS FOR PAYMENT RELIEF DEIV, LLC
Without Recourse

Id No:  *,

2005 RESIDENTIAL TRUST 3-2

By:

Janel L. Junkin, Vice President

# Allonge for the Purpose of Note Endorsement

To be attached to, and made part of the original note

Loan Number:

Original Loan Amount: $78,000.00

Borrower Name: EMERIO ABANTO

Property Address: 35 HILLANDALE AVENUE NORTH CASTLE, NY 10603

---

WITHOUT RECOURSE, PAY TO THE ORDER OF:

**Empire Community Development, LLC**

**Partners for Payment Relief DE IV, LLC**

By: _____

Name: Robert Paulus
Title: Director of Borrower Management



*521803515ASS003U*

## Westchester County Recording & Endorsement Page

The Office of the Westchester County Clerk: This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument. To the best of submitter's knowledge, the information contained on this Recording and Endorsement Cover Page is consistent with the information contained in the attached document.

### Submitter Information

| | | | |
|---|---|---|---|
| Name: | CoreLogic Michelle Wymer | Phone: | 1-877-226-1155 |
| Address 1: | 450 East Boundary St. | Fax: | |
| Address 2: | | Email: | DOCCREATION.MIT.RES@CORELOG |
| City/State/Zip: | Chapin SC 29036 | Reference for Submitter: | 18922918 |

### Document Details

| | | | | | |
|---|---|---|---|---|---|
| Control Number: | 521803515 | Document Type: | Assignment (ASS) | | |
| Package ID: | 2012062800207001001 | Document Page Count: | 2 | Total Page Count: | 4 |

### Parties

☑ Additional Parties on Continuation page

| | 1st PARTY | | | 2nd PARTY | |
|---|---|---|---|---|---|
| 1: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | - Other | 1: | BANK OF NEW YORK | - Other |
| 2: | AMERICAS WHOLESALE LENDER  by Nominee | - Other | 2: | BANK OF NEW YORK MELLON | - Other |

### Property

☐ Additional Properties on Continuation page

| | | |
|---|---|---|
| Street Address: | 35 HILLANDALE AVE | Tax Designation: 5-16-3 |
| City/Town: | NORTH CASTLE | Village: |

### Cross- References

☐ Additional Cross-Refs on Continuation page

| | | | |
|---|---|---|---|
| 1: 461870088 | 2: | 3: | 4: |

### Supporting Documents

### Recording Fees

| | |
|---|---|
| Statutory Recording Fee: | $40.00 |
| Page Fee: | $15.00 |
| Cross-Reference Fee: | $0.50 |
| Mortgage Affidavit Filing Fee: | $0.00 |
| RP-5217 Filing Fee: | $0.00 |
| TP-584 Filing Fee: | $0.00 |
| Total Recording Fees Paid: | **$55.50** |

### Transfer Taxes

| | |
|---|---|
| Consideration: | $0.00 |
| Transfer Tax: | $0.00 |
| Mansion Tax: | $0.00 |
| Transfer Tax Number: | |

### Mortgage Taxes

| | |
|---|---|
| Document Date: | |
| Mortgage Amount: | |
| Basic: | $0.00 |
| Westchester: | $0.00 |
| Additional: | $0.00 |
| MTA: | $0.00 |
| Special: | $0.00 |
| Yonkers: | $0.00 |
| Total Mortgage Tax: | **$0.00** |
| Dwelling Type: | Exempt: ☐ |
| Serial #: | |

### RECORDED IN THE OFFICE OF THE WESTCHESTER COUNTY CLERK

| | |
|---|---|
| Recorded: | 07/09/2012 at 04:21 PM |
| Control Number: | 521803515 |

Witness my hand and official seal

Timothy C.Idoni
Westchester County Clerk

### Record and Return To

☐ Pick-up at County Clerk's office

CoreLogic Michelle Wymer
450 East Boundary St.

Chapin, SC 29036
**Attn: Michelle Wymer**

The Office of the Westchester County Clerk: This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument. To the best of submitter's knowledge, the information contained on this page is consistent with the information contained in the attached document.

*521803515ASS003U*

## Westchester County Recording & Endorsement Page

### Document Details

Control Number: **521803515**

Package ID: 2012062800207001001

Document Type: **Assignment (ASS)**

Document Page Count: 2

Total Page Count: 4

**1st PARTY Addendum**

**2nd PARTY Addendum**

JPMORGAN CHASE BANK N A   Trustee

Other

Recording Requested By:
Bank of America
Prepared By: Bank of America
800-444-4302
When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

DocID#   13013467679819041

Property Address:
35 Hillandale Ave
White Plains, NY 10603-1719
Property Location:
Township of NORTH CASTLE
NY0M-AM 18922918          6/19/2012

MIN #:

This space for Recorder's use

MERS Phone #: 888-679-6377

## ASSIGNMENT OF MORTGAGE

For Value Received, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICA'S WHOLESALE LENDER,** the undersigned holder of the Mortgage described below (herein "Assignor") whose address is **1901 E Voorhees Street, Suite C, Danville, IL 61834** does hereby grant, sell, assign, transfer and convey unto **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-E** whose address is C/O BAC, M/C: CA6-914-01-43, 1800 Tapo Canyon Road, Simi Valley, CA 93063 all beneficial interest under that certain security instrument described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said security instrument.

Original Lender:     **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICA'S WHOLESALE LENDER**

Made By:             **EMERIO ABANTO AND OSCAR A. PASACHE**

Date of Mortgage:    **4/25/2006**

Original Loan Amount:   **$78,000.00**

Section: 5    Lot: 3    Block: 16

Recorded in **Westchester County, NY** on: **7/19/2006,** book N/A, page N/A and instrument number **461870088**

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

This Mortgage has not been assigned unless otherwise stated below:

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on Dated:

~~JUN 2 0 2012~~

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICA'S WHOLESALE LENDER

By: _Jeanine Abramoff_
Jeanine Abramoff Assistant Secretary

State of **California**
County of **Ventura**

On **JUN 2 0 2012** _____ before me, _____ **Violet Thomas-Hicks** _____, Notary Public, personally
appeared _____ _Jeanine Abramoff_ _____, who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_signature_

Notary Public: _____ Violet Thomas-Hicks
My Commission Expires: _____ October 28, 2012

(Seal)

VIOLET THOMAS-HICKS
Commission # 1820527
Notary Public - California
Los Angeles County
My Comm. Expires Oct 28, 2012

DocID#     13013467679819041

The Office of the Westchester County Clerk: This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument.  To the best of submitter's knowledge, the information contained on this Recording and Endorsement Cover Page is consistent with the information contained in the attached document.



*573603439ASS0024*

## Westchester County Recording & Endorsement Page

### Submitter Information

| | | | |
|---|---|---|---|
| Name: | Orion Financial Group Inc | Phone: | 817-424-1175 |
| Address 1: | 2860 Exchange Blvd, Ste 100 | Fax: | 817-424-1172 |
| Address 2: | | Email: | jjb@orionfgi.com |
| City/State/Zip: | Southlake TX 76092 | Reference for Submitter: | 17192791 |

### Document Details

| | | | |
|---|---|---|---|
| Control Number: | 573603439 | Document Type: | **Assignment (ASS)** |
| Package ID: | 2017122600233001001 | Document Page Count: **1** | Total Page Count: **3** |

### Parties

☑ Additional Parties on Continuation page

| 1st PARTY | | 2nd PARTY | |
|---|---|---|---|
| 1: BANK OF NEW YORK MELLON | - Other | 1: 2005 RESIDENTIAL TRUST 3-1 | - Other |
| 2: BANK OF NEW YORK | - Other | 2: | |

### Property

☐ Additional Properties on Continuation page

| | | | |
|---|---|---|---|
| Street Address: | 35 HILLANDALE AV | Tax Designation: 5/16/3 | |
| City/Town: | NORTH CASTLE | Village: | |

### Cross- References

☐ Additional Cross-Refs on Continuation page

| | | | |
|---|---|---|---|
| 1: 461870088 | 2: | 3: | 4: |

### Supporting Documents

### Recording Fees

| | |
|---|---|
| Statutory Recording Fee: | $40.00 |
| Page Fee: | $10.00 |
| Cross-Reference Fee: | $0.50 |
| Mortgage Affidavit Filing Fee: | $0.00 |
| RP-5217 Filing Fee: | $0.00 |
| TP-584 Filing Fee: | $0.00 |
| Total Recording Fees Paid: | **$50.50** |

### Transfer Taxes

| | |
|---|---|
| Consideration: | $0.00 |
| Transfer Tax: | $0.00 |
| Mansion Tax: | $0.00 |
| Transfer Tax Number: | |

### Mortgage Taxes

| | |
|---|---|
| Document Date: | |
| Mortgage Amount: | |
| Basic: | $0.00 |
| Westchester: | $0.00 |
| Additional: | $0.00 |
| MTA: | $0.00 |
| Special: | $0.00 |
| Yonkers: | $0.00 |
| Total Mortgage Tax: | **$0.00** |
| Dwelling Type: | Exempt: ☐ |
| Serial #: | |

### Record and Return To

☐ Pick-up at County Clerk's office

RECORDED IN THE OFFICE OF THE WESTCHESTER COUNTY CLERK

Recorded:      01/05/2018 at 10:52 AM

Control Number:  **573603439**

Witness my hand and official seal

*Timothy C. Idoni*
Westchester County Clerk

ORION FINANCIAL GROUP, INC.
2860 EXCHANGE BLVD.
SUITE 100
SOUTHLAKE, TX 76092
Attn: C.R.HALL

The Office of the Westchester County Clerk: This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument. To the best of submitter's knowledge, the information contained on this Recording and Endorsement Cover Page is consistent with the information contained in the attached document.

*573603439ASS0024*

## Westchester County Recording & Endorsement Page

### Document Details

Control Number: **573603439**

Package ID: 2017122600233001001

Document Type: **Assignment (ASS)**

Document Page Count: 1

Total Page Count: 3

| 1st PARTY Addendum | | 2nd PARTY Addendum |
|---|---|---|
| JPMORGAN CHASE BANK N A | Other | |
| CWHEQ REVOLVING HOME EQUITY LOAN TRUST | Other | |

PREPARED BY RETURN TO:
C. R. Hall
2860 Exchange Blvd. # 100
Southlake, TX 76092

**Assignment of Mortgage**

Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-E c/o BAC, M/C: CA6-914-01-43, 1800 Tapo Canyon Road, Simi Valley, CA 93063 (Assignor) by these presents does assign, and set over, without recourse, to 2005 RESIDENTIAL TRUST 3-1 117 Wrangler Drive, Suite 100, Coppell, TX 75019 (Assignee) the described mortgage with all interest, all liens, any rights due or to become due thereon, executed by EMERIO ABANTO AND OSCAR A. PASACHE to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ('MERS') AS NOMINEE FOR AMERICA'S WHOLESALE LENDER ITS SUCCESSORS AND ASSIGNS.   Said mortgage Dated: 4/25/2006 is recorded in the State of NY, County of Westchester on 7/19/2006, as Control# 461870088 AMOUNT: $ 78,000.00 SECTION 5, BLOCK 16, LOT 3, TOWN OF NORTH CASTLE Property Address: 35 HILLANDALE AVENUE, NORTH CASTLE, NY 10603

This Assignment is not subject to the requirements of Section 275 of the Real Property law, because it is an assignment within the secondary mortgage market.

IN WITNESS WHEREOF, the undersigned entity has caused this instrument to be executed by its proper signatory.  Executed on: July 31, 2017
THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-E by Orion Financial Group, Inc. Attorney in Fact

By:

Connie M. Riggsby, Vice President

ABANTO   PAS  *17093098*

The P̶   POWER OF ATTORNEY IS BEING RECORDED SIMULTANEOUSLY HEREWITH           in
State of Texas, County of Tarrant
    On July 31, 2017, before me, the undersigned, personally appeared Connie M. Riggsby, Vice President, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of Tarrant, State of Texas.

Notary public: Janell Junkin
My commission expires: August 19, 2019

> JANELL JUNKIN
> Notary Public, State of Texas
> My Commission Expires
> August 19, 2019

NY   Westchester

RTIRBC2/AOM/SFR



The Office of the Westchester County Clerk: This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument.  To the best of submitter's knowledge, the information contained on this Recording and Endorsement Cover Page is consistent with the information contained in the attached document.



*573603446ASS0012*

## Westchester County Recording & Endorsement Page

### Submitter Information

| | | |
|---|---|---|
| Name: | Orion Financial Group Inc | Phone: 817-424-1175 |
| Address 1: | 2860 Exchange Blvd, Ste 100 | Fax: 817-424-1172 |
| Address 2: | | Email: jjb@orionfgi.com |
| City/State/Zip: | Southlake TX 76092 | Reference for Submitter: 17192791 |

### Document Details

| | | |
|---|---|---|
| Control Number: 573603446 | Document Type: **Assignment (ASS)** | |
| Package ID: 2017122600233001001 | Document Page Count: 1 | Total Page Count: 2 |

### Parties

☐ Additional Parties on Continuation page

| 1st PARTY | | 2nd PARTY | |
|---|---|---|---|
| 1: 2005 RESIDENTIAL TRUST 3-1 | - Other | 1: 2005 RESIDENTIAL TRUST 3-2 | - Other |
| 2: | | 2: | |

### Property

☐ Additional Properties on Continuation page

| | |
|---|---|
| Street Address: 35 HILLANDALE AV | Tax Designation: 5/16/3 |
| City/Town: NORTH CASTLE | Village: |

### Cross- References

☐ Additional Cross-Refs on Continuation page

| | | | |
|---|---|---|---|
| 1:  461870088 | 2: | 3: | 4: |

### Supporting Documents

### Recording Fees

| | |
|---|---|
| Statutory Recording Fee: | $40.00 |
| Page Fee: | $10.00 |
| Cross-Reference Fee: | $0.50 |
| Mortgage Affidavit Filing Fee: | $0.00 |
| RP-5217 Filing Fee: | $0.00 |
| TP-584 Filing Fee: | $0.00 |
| Total Recording Fees Paid: | **$50.50** |

### Transfer Taxes

| | |
|---|---|
| Consideration: | $0.00 |
| Transfer Tax: | $0.00 |
| Mansion Tax: | $0.00 |
| Transfer Tax Number: | |

### Mortgage Taxes

| | |
|---|---|
| Document Date: | |
| Mortgage Amount: | |
| Basic: | $0.00 |
| Westchester: | $0.00 |
| Additional: | $0.00 |
| MTA: | $0.00 |
| Special: | $0.00 |
| Yonkers: | $0.00 |
| Total Mortgage Tax: | **$0.00** |

Dwelling Type:                    Exempt: ☐

Serial #:

### Record and Return To

☐ Pick-up at County Clerk's office

RECORDED IN THE OFFICE OF THE WESTCHESTER COUNTY CLERK

Recorded:         01/05/2018 at 10:52 AM

Control Number:  **573603446**

Witness my hand and official seal

Timothy C.Idoni
Westchester County Clerk

ORION FINANCIAL GROUP, INC.
2860 EXCHANGE BLVD.
SUITE 100
SOUTHLAKE, TX 76092
Attn:  C.R.HALL

PREPARED BY RETURN TO:
C. R. Hall
2860 Exchange Blvd. # 100
Southlake, TX 76092      **Assignment of Mortgage**      Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, 2005 RESIDENTIAL TRUST 3-1 117 Wrangler Drive, Suite 100, Coppell, TX 75019 (Assignor) by these presents does assign, and set over, without recourse, to 2005 RESIDENTIAL TRUST 3-2 425 Divisadero St, Ste 207, San Francisco, TX 94117 (Assignee) the described mortgage with all interest, all liens, any rights due or to become due thereon, executed by EMERIO ABANTO AND OSCAR A. PASACHE to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ('MERS') AS NOMINEE FOR AMERICA'S WHOLESALE LENDER ITS SUCCESSORS AND ASSIGNS.   Said mortgage Dated: 4/25/2006 is recorded in the State of NY, County of Westchester on 7/19/2006, as Control# 461870088 AMOUNT: $ 78,000.00     SECTION 5, BLOCK 16, LOT 3, TOWN OF NORTH CASTLE Property Address: 35 HILLANDALE AVENUE, NORTH CASTLE, NY 10603

This Assignment is not subject to the requirements of Section 275 of the Real Property law, because it is an assignment within the secondary mortgage market.

IN WITNESS WHEREOF, the undersigned entity has caused this instrument to be executed by its proper signatory.  Executed on: August 10, 2017
2005 RESIDENTIAL TRUST 3-1 by CTF Asset Management LLC its Administrator

By: _____

     Connie M. Riggsby, Vice President      ABANTO   CAB  *17098854*

State of Texas, County of Tarrant
     On August 10, 2017, before me, the undersigned, personally appeared Connie M. Riggsby, Vice President, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of Tarrant, State of Texas.

_____

Notary public, Janell Junkin
My commission expires: August 19, 2019

```
JANELL JUNKIN
Notary Public, State of Texas
My Commission Expires
August 19, 2019
```

NY   Westchester      RTIRBC2/AOM/SFR/BK



*582013555ASS001Y*

## Westchester County Recording & Endorsement Page

The Office of the Westchester County Clerk: This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument. To the best of submitter's knowledge, the information contained on this Recording and Endorsement Cover Page is consistent with the information contained in the attached document.

### Submitter Information

| | | |
|---|---|---|
| Name: | Partners For Payment Relief LLC | Phone: |
| Address 1: | 920 Cassatt Road, Suite 210 | Fax: |
| Address 2: | | Email: |
| City/State/Zip: | Berwyn PA 19312 | Reference for Submitter: 10353786-Partners For Payment Relief |

### Document Details

| | | |
|---|---|---|
| Control Number: **582013555** | Document Type: **Assignment (ASS)** | |
| Package ID: 2018072000265001000 | Document Page Count: **1** | Total Page Count: **2** |

### Parties

☐ Additional Parties on Continuation page

| 1st PARTY | | 2nd PARTY | |
|---|---|---|---|
| 1: 2005 RESIDENTIAL TRUST 3-2 | - Other | 1: PARTNERS FOR PAYMENT RELIEF DE IV LLC | - Other |
| 2: | | 2: | |

### Property

☐ Additional Properties on Continuation page

Street Address: 35 HILLANDALE AVENUE          Tax Designation: 5-16-3

City/Town:      NORTH CASTLE                             Village:

### Cross- References

☐ Additional Cross-Refs on Continuation page

1: 461870088          2:          3:          4:

### Supporting Documents

### Recording Fees

| | |
|---|---|
| Statutory Recording Fee: | $40.00 |
| Page Fee: | $10.00 |
| Cross-Reference Fee: | $0.50 |
| Mortgage Affidavit Filing Fee: | $0.00 |
| RP-5217 Filing Fee: | $0.00 |
| TP-584 Filing Fee: | $0.00 |
| Total Recording Fees Paid: | **$50.50** |

### Transfer Taxes

| | |
|---|---|
| Consideration: | $0.00 |
| Transfer Tax: | $0.00 |
| Mansion Tax: | $0.00 |
| Transfer Tax Number: | |

### Mortgage Taxes

| | |
|---|---|
| Document Date: | |
| Mortgage Amount: | |
| Basic: | $0.00 |
| Westchester: | $0.00 |
| Additional: | $0.00 |
| MTA: | $0.00 |
| Special: | $0.00 |
| Yonkers: | $0.00 |
| Total Mortgage Tax: | **$0.00** |
| Dwelling Type: | Exempt: ☐ |
| Serial #: | |

RECORDED IN THE OFFICE OF THE WESTCHESTER COUNTY CLERK

Recorded:        07/23/2018 at 09:26 AM

Control Number:  **582013555**

Witness my hand and official seal

Timothy C.Idoni
Westchester County Clerk

### Record and Return To

☐ Pick-up at County Clerk's office

**Partners For Payment Relief LLC**
**920 Cassatt Road, Suite 210**

**Berwyn, PA 19312**

PREPARED BY RETURN TO:
C. R. Hall
2860 Exchange Blvd. # 100
Southlake, TX 76092

**Assignment of Mortgage**

Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, 2005 RESIDENTIAL TRUST 3-2  425 Divisadero St Ste. 207, San Francisco, CA 94117 (Assignor) by these presents does assign, and set over, without recourse, to ✱✱✱ _____
_____, (Assignee) the described mortgage with all interest, all liens, any rights due or to become due thereon, executed by EMERIO ABANTO AND OSCAR A. PASACHE to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ('MERS') AS NOMINEE FOR AMERICA'S WHOLESALE LENDER ITS SUCCESSORS AND ASSIGNS.   Said mortgage Dated: 4/25/2006 is recorded in the State of NY, County of Westchester on 7/19/2006, as Control# 461870088 AMOUNT: $ 78,000.00    SECTION 5, BLOCK 16, LOT 3, TOWN OF NORTH CASTLE Property Address: 35 HILLANDALE AVENUE, NORTH CASTLE, NY 10603

This Assignment is not subject to the requirements of Section 275 of the Real Property law, because it is an assignment within the secondary mortgage market.

IN WITNESS WHEREOF, the undersigned entity has caused this instrument to be executed by its proper signatory.  Executed on: August 23, 2017
2005 RESIDENTIAL TRUST 3-2  By Park Tree Investments LLC, its Administrator

By: _____

Connie M. Riggsby, Vice President

ABANTO  PAS *17100933*

State of Texas, County of Tarrant
        On August 23, 2017, before me, the undersigned, personally appeared Connie M. Riggsby, Vice President, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of Tarrant, State of Texas.

_____

Notary public, Janell Junkin
My commission expires: August 19, 2019

JANELL JUNKIN
Notary Public, State of Texas
My Commission Expires
August 19, 2019

✱✱✱    Partners for Payment Relief DE IV, LLC
920 Cassatt Road, Suite 210, Berwyn, PA 19312

NY   Westchester

RTIRBC2/AOM/FBC



*592283500ASS001Y*

## Westchester County Recording & Endorsement Page

The Office of the Westchester County Clerk: This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument. To the best of submitter's knowledge, the information contained on this Recording and Endorsement Cover Page is consistent with the information contained in the attached document.

### Submitter Information

| | | |
|---|---|---|
| Name: | Partners For Payment Relief LLC | Phone: |
| Address 1: | 920 Cassatt Road, Suite 210 | Fax: |
| Address 2: | | Email: |
| City/State/Zip: | Berwyn PA 19312 | Reference for Submitter: 10851873-Partners For Payment Relief |

### Document Details

Control Number: **592283500**          Document Type: **Assignment (ASS)**

Package ID: 2019081600286001000     Document Page Count: **2**          Total Page Count: **3**

### Parties

☐ Additional Parties on Continuation page

| 1st PARTY | | 2nd PARTY | |
|---|---|---|---|
| 1: PARTNERS FOR PAYMENT RELIEF DE IV LLC | - Other | 1: EMPIRE COMMUNITY DEVELOPMENT LLC | - Other |
| 2: | | 2: | |

### Property

☐ Additional Properties on Continuation page

Street Address: 35 HILLANDALE AVE          Tax Designation: 5-16-3

City/Town:   NEW CASTLE                          Village:

### Cross- References

☐ Additional Cross-Refs on Continuation page

1:  461870088          2:          3:          4:

### Supporting Documents

### Recording Fees

| | |
|---|---|
| Statutory Recording Fee: | $40.00 |
| Page Fee: | $15.00 |
| Cross-Reference Fee: | $0.50 |
| Mortgage Affidavit Filing Fee: | $0.00 |
| RP-5217 Filing Fee: | $0.00 |
| TP-584 Filing Fee: | $0.00 |
| Total Recording Fees Paid: | **$55.50** |

### Transfer Taxes

| | |
|---|---|
| Consideration: | $0.00 |
| Transfer Tax: | $0.00 |
| Mansion Tax: | $0.00 |
| Transfer Tax Number: | |

### Mortgage Taxes

Document Date:

Mortgage Amount:

| | |
|---|---|
| Basic: | $0.00 |
| Westchester: | $0.00 |
| Additional: | $0.00 |
| MTA: | $0.00 |
| Special: | $0.00 |
| Yonkers: | $0.00 |
| Total Mortgage Tax: | **$0.00** |

Dwelling Type:                                    Exempt: ☐

Serial #:

### Record and Return To

☐ Pick-up at County Clerk's office

RECORDED IN THE OFFICE OF THE WESTCHESTER COUNTY CLERK

Recorded:        08/19/2019 at 10:06 AM

Control Number:   **592283500**

Witness my hand and official seal

Timothy C.Idoni
Westchester County Clerk

**Partners For Payment Relief DE IV, LLC**
**920 Cassatt Road, Suite 210**

**Berwyn, PA 19312**

Prepared By & Return To:

Partners for Payment Relief DE IV, LLC
920 Cassatt Road, Suite 210
Berwyn, PA 19312
888-879-4997

_____ _____ _____Space above for Recorder's use_____ _____

# ASSIGNMENT OF MORTGAGE

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, **Partners for Payment Relief DE IV, LLC** whose address is **920 Cassatt Road, Suite 210, Berwyn, PA 19312**, does by these presents hereby convey, grant, bargain, sell, assign, transfer, set over and deliver unto **Empire Community Development, LLC** whose address is **920 Cassatt Road, Suite 210, Berwyn, PA 19312**, the following described mortgage (the "Mortgage"), together with the certain promissory note(s) described therein (the "Note(s)") together with all rights therein and thereto, all liens created or secured thereby, and any and all interest due thereon.

Mortgage is recorded in the State of **NY**, County of **Westchester**.

| | |
|---|---|
| Instrument: | 461870088 |
| Date of Recordation: | 07/19/2006 |
| Date of Mortgage: | 04/05/2006 |
| Original Grantor(s): | EMERIO ABANTO AND OSCAR A. PASACHE |
| Original Lender: | MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC. (MERS) AS NOMINEE FOR AMERICA'S WHOLESALE LENDER, ITS SUCCESSORS AND ASSIGNS |
| Original Loan Amount: | $78,000.00 |
| Property Address: | 35 HILLANDALE AVE, NORTH CASTLE, NY 10603 |
| Sec/Block/Lot: | 5 / 16 / 3 |
| Town of: | NORTH CASTLE |

This Assignment is not subject to the requirements of Section 275 of the Real Property law, because it is an assignment within the secondary mortgage market

### SEE PAGE 2 FOR DOCUMENT DATE AND SIGNATURES
**Page 1 of 2**

**IN WITNESS WHEREOF**, the undersigned entity by all due authority has caused this instrument to be executed by its duly authorized officer(s), representative(s) or Attorney-in-Fact this 6ᵗʰ day of AUGUST, 2019.

Institution: Partners for Payment Relief DE IV, LLC

By: _____
        JOHN SWEENEY, Vice President
        Partners for Payment Relief DE IV, LLC

Witness: Andrea Smith            Witness: Shannhus
            Andrea Smith                        Shannon Huss

Commonwealth of: Pennsylvania            County of: Chester

On this date of AUGUST 6ᵗʰ, 2019, before me, the undersigned authority, a Notary Public commissioned, qualified and acting within and for the aforementioned State and County, personally appeared the within named JOHN SWEENEY, known to me (or identified to me on the basis of satisfactory evidence) to be the VICE PRESIDENT of PARTNERS FOR PAYMENT RELIEF DE IV, LLC and are duly authorized to execute the foregoing instrument for and in the name and on behalf of said corporation and that said corporation executed the same, and further stated and acknowledged they that had so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.

Witness my hand and official seal on the date hereinabove set forth.

Notary Public: Rachel Gordon
My Commission Expires: 4/20/2021

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
RACHEL GORDON, Notary Public
Tredyffrin Township, Chester County
My Commission Expires April 20, 2021

Page 2 of 2